UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 2:24-bk-01088-FMD |
| Alta Gracia Raymond, | Chapter 13 |
| Debtors. | |

______________________________________/

**UNITED STATES TRUSTEE MOTION TO DISMISS WITH PREJUDICE**

Mary Ida Townson, United States Trustee for Region 21 (the "United States Trustee"), through undersigned counsel, moves this Court for the entry of an order of dismissal of the above case with a two-year bar to refiling a bankruptcy petition. In support of this motion, the United States Trustee states that the debtor is serial bankruptcy filer and is abusing the bankruptcy process. In further support of this motion, the United States Trustee states as follows:

1. The Debtor has filed five (5) prior Chapter 13 bankruptcy cases in the Middle District of Florida since 2016[1].

2. On October 10, 2007, Deutsche Bank Trust Company Americas. ("Deutsche") filed its foreclosure action in the County Court for the Twentieth Judicial Circuit, in and for Lee County, Florida, Civil Division Case No. 07-CA-012381. On August 28, 2014, Deutsche received a Final Judgment in the amount of $1,119,377.77 for the real property located at 3427 Ceitus Pkwy, Cape Coral, FL (the "Property"). A foreclosure sale was set for September 26, 2014. This sale was dismissed as a loan modification was offered on September 16, 2014. An

[1] Signor of Note and Mortgage with Deutsche, Patricia R. Munoz, had filed two Chapter 13 cases prior to this Debtor's initial filing in 2016, including, Case No. 2:10-bk-26636 filed on November 2, 2010, and dismissed February 8, 2011, for failure to attend §341 Creditor Meeting and Case No. 2:11-bk-10937 on June 7, 2011, which was dismissed September 12, 2011, for failure to file information.

amended Final Judgment was entered on January 11, 2016, this set a foreclosure sale for March 4, 2016.

3. On March 3, 2016, the Debtor filed the first Chapter 13 case, case no. 16-bk-13097 in the Southern District of Florida, Ft. Lauderdale Division. The case was then transferred to Middle District of Florida, Ft. Myers Division on September 16, 2016, case no. 16-bk-09445. An order dismissing this case was entered on November 17, 2016, due to the debtor not curing deficient filing (Doc. No. 26).

4. Less than 2 months after dismissal, on December 12, 2016, the Debtor filed the second bankruptcy case, Case No. 8:16-bk-10538.

a. The Debtor's Plan proposed payments of $1,857.00 for months 1-60, sought a Mortgage Modification Mediation ("MMM") and proposed adequate protection payments of $1,568.00 to Deutsche, and later amended the plan to reduce the monthly payment and adequate protection payment.
b. The Debtor's Schedule I and J showed net disposable income $2,366.29 per month, not including mortgage payments.
c. Deutsche filed an objection to confirmation stating that the proposed payments should be $1,728.58, and Plan is not feasible due to insufficient disposable income to support plan payments.
d. On March 1, 2017, the Ch. 13 Trustee filed a motion to dismiss for failure to make plan payments in the amount of $3,714.00.
e. An Order dismissing case for failure to make plan payments was entered April 24, 2017; the Debtor filed a motion to reconsider dismissal, and an order reinstating case was entered on June 16, 2017.
f. The Debtor's plan was denied confirmation and an order dismissing the case was entered March 15, 2018.

5. During the administration of the Debtor's second case, the Debtor was granted relief to pursue an appeal of the foreclosure judgment. More than three years later, on February 5, 2020, the 2nd District Court of Appeals[2], Case No. 2D16-0566, affirmed State Court Judgment.

[2] This was the second appeal filed by debtor in the 2nd District Court of Appeals, Case No. 2D2014-5187 was filed November 7, 2014, and dismissed December 18, 2014.

The Debtor then filed a filed a Notice of Discretional Jurisdiction to Supreme Court, Case No. SC20-325, on March 5, 2020, which was dismissed on March 6, 2020.

6. On September 15, 2020, an order rescheduling the foreclosure sale for October 19, 2020, was entered.

7. On October 9, 2020, the Debtor filed her third bankruptcy petition under chapter 13 of the Code, case No. 2:20-bk-07603.

a. The Debtor's Plan proposed payments of $1,430.00 for months 1-60, sought a MMM and proposed adequate protection payments of $628.00 to Deutsche.
b. The Debtors Schedule I and J showed net disposable income of $823.00, not including mortgage payment.
c. Deutsche filed an objection to confirmation on November 20, 2020, stating that the debtor was not a borrower on the Note and Mortgage and lacked privity of contract to modify the loan and the adequate protection payments proposed and income of debtor did not support feasibility to retain the Property[3].
d. Despite the objection to confirmation, Deutsche agreed to mediation; the mortgage modification mediator filed a final report that advised a trial modification was offered but was not accepted by the Debtor.
e. On July 14, 2021, the debtor filed her third amended plan with proposed monthly payments of $2,063 for months 1-6, $318.00 months 7-60, offering adequate protection payments of $628.00 to Deutsche, but also did not propose to make any payments, thus agreeing to *in rem* relief to Deutsche
f. An order confirming the third amended plan was entered on August 26, 2021; however, the Debtor later filed a Notice of Voluntary Dismissal, and the order dismissing case was entered on entered on December 13, 2021.

8. On December 7, 2021, Deutsche filed a motion to reschedule the foreclosure sale in the State Court action. The order resetting sale for February 4, 2022, was entered.

9. On February 1, 2022, the Debtor filed her fourth bankruptcy petition under chapter 13 of the Code, case No. 2:22-bk-00092.

a. The Debtor's Plan proposed payments of $1,180.00 for months 1-60, sought a MMM and proposed adequate protection payments of $882.00 to Deutsche.

[3] Deutsche filed secured claim 5-1 on November 25, 2020, with a claim in the amount of $1,581,275.01, of which $1,035,660.38 in arrears was due from July 1, 2007.

b. The Debtor's Schedule I and J showed net disposable income of $1,468.57, not including mortgage payment.
c. Deutsche filed an objection to confirmation on March 15, 2022, stating that the debtor's proposed adequate protection payment was insufficient, and the **minimum** payment would have to be at least $1,999.89 (an amount equal to the contractual escrow payment[4]).
d. On April 14, 2022, the Debtor filed an amended plan which proposed monthly payments of $1,180.00 for months 1-3, $2,298 months 4-60, sought a MMM and proposed adequate protection payments of $1,999.89.
e. However, the Debtor later filed a Notice of Voluntary Dismissal, and the order dismissing case was entered on entered on September 29, 2022.

10. On May 1, 2023, Deutsche filed a motion to reschedule the foreclosure sale in the State Court action; which foreclosure sale was reset for June 7, 2023.

11. On June 5, 2023, the Debtor filed her fifth bankruptcy petition under chapter 13 of the Code, case No. 2:23-bk-00644.

a. The Debtor's Plan proposed payments of $1,050 for months 1-60, seeking a MMM with adequate protection payments of $723.98 to Deutsche.
b. The Debtors Schedule I and J showed net disposable income of $950.42, not including mortgage payment. The Debtor filed three amendments to Schedule I, eventually asserting new disposable income of $5,354.86, not including a mortgage payment.
c. On March 29, 2024, PHH Mortgage Corporation, as servicer for Deutsche,[5] filed a motion for relief from stay and *in-rem* relief for two years. A hearing on this motion was set for July 25, 2024.
d. On May 30, 2024, the Debtor filed a Notice of Voluntary Dismissal, and the order dismissing case was entered on entered on June 4, 2024.

12. On June 13, 2024, Deutsche filed a motion to reset foreclosure sale in State Court action. An order scheduling sale for July 25, 2024, was entered.

[4] Pursuant to Deutsche's filed secured claim 5-1 on February 5, 2022, the total claim was in the amount of $1,672,374.64, of which $1,130,291.58 in arrears was due from July 1, 2007, and the total monthly payment (principal, interest and escrow was $6,503.20).

[5] Deutsche filed secured claim 6-1 on July 21, 2023, asserting a claim in the amount of $1,72,193.67, of which $1,249,190.12 represented arrears due from July 1, 2007, and total monthly payments at $7,350.20 comprised of P&I and escrow.

13. On July 24, 2024, 2024, the Debtor commenced the present case, her sixth case since 2016, with the filing of a bankruptcy petition under chapter 13 of the Code (Doc. No. 1).

14. This court filed a notice of deficient filing, the Debtor did not file all Schedules, Statement of Financial Affairs, Creditor matrix, Statement of Current Monthly Income and Calculation, Chapter 13 Plan, and payment of filing fees on July 26, 2024. As of filing this motion the deficiencies have not been cured.

15. The Debtor has filed six Chapter 13 cases and filings have been to benefit from the imposition of the automatic stay to may retain possession of the Property for as long as possible.

16. In the fourteen years since filing the first Chapter 13 case in 2010 by Patricia Munoz, the obligor under the mortgage, the Debtor has enjoyed the imposition of the automatic stay for eight of those years. In that time, the arrears on the mortgage have grown from approximately $263,788.13 to $1,772,193.67.

17. In some of her prior cases, the Debtor has filed schedules with the Court demonstrating that the net disposable income was not sufficient to fund the proposed plan payments, but proposed unreasonably small adequate protection payments to delay dismissal of those cases. The current mortgage payment on the Property exceeds $7,000 per month.

18. In this case, the Debtor has filed no schedules or a proposed plan.

19. The Debtor has established a pattern of filing bankruptcy petitions and commencing cases only to have them dismissed. This behavior constitutes an abuse of the bankruptcy process and warrants the dismissal of this case with prejudice. The Debtor should be

prohibited from filing another bankruptcy case for a period of two years or for such time as this Court deems appropriate.

WHEREFORE, the United States Trustee respectfully prays that this Honorable Court grant this motion, enter an order dismissing this case with prejudice and prohibiting the debtor from filing another bankruptcy case for a period of two years, and for such further relief as this Court deems appropriate.

Date: August 12, 2024

Respectfully Submitted,

MARY IDA TOWNSON
UNITED STATES TRUSTEE
REGION 21

By: /s/ Teresa M. Dorr
Florida Bar 48037
Trial Attorney
U.S. Department of Justice
Office of the U.S. Trustee, Region 21
501 E. Polk Street, Suite 1200
Tampa, FL 33602
(813) 228-2000 / fax: (813) 228-2303

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 12, 2024, I have caused a true and correct copy of the foregoing to be served through CM/ECF on parties having appeared electronically in the instant matter. Service was also provided, via first-class U.S. mail, postage prepaid, upon the following:

Alta Gracia Raymond
3427 Ceitus Pkwy
Cape Coral, FL 33991

/s/ Teresa M. Dorr
Trial Attorney, United States Trustee for Region 21