ORDERED.

**Dated: September 23, 2024**

Caryl E. Delano
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
www.flmb.uscourts.gov

In re: Case No. 2:24-bk-01088-FMD

Alta Gracia Raymond, Chapter 13

Debtors.
__________________________________/

**ORDER GRANTING**
**UNITED STATES TRUSTEE MOTION TO DISMISS WITH PREJUDICE**

THIS CASE came before the Court for hearing on September 12, 2024, at 2:15 p.m. to consider and resolve the United States Trustee Motion to Dismiss with Prejudice (Doc. No. 14). This Court finds that adequate and sufficient notice and opportunity to be heard has been provided to all parties. This Court finds that the debtor is an abusive serial bankruptcy filer and that the relief requested in the United States Trustee's motion is appropriate and warranted under the facts of this case. Accordingly, it is **ORDERED** that:

1. The United States Trustee Motion to Dismiss with Prejudice is **GRANTED**.
2. This case is **DISMISSED WITH PREJUDICE** effective September 12, 2024.
3. The debtor is hereby **ENJOINED, BARRED,** and **PROHIBITED** from filing another bankruptcy case anywhere in the world within two years from September 12, 2024, through and including September 12, 2026. Should the debtor attempt to file a subsequent bankruptcy petition in this court in violation of the injunction, the clerk of the court is hereby

instructed to reject any such petition and not accept it for filing. If such petition is accepted in error, then the filing of such petition is void. The court may also consider the imposition of appropriate sanctions including the extension of the injunction for an additional period.

4. None of the debtor's debts or obligations are discharged. If not previously terminated, lifted, or non-existent by operation of statutory law, the automatic stay, if any, is terminated. All motions not previously ruled upon are moot and all hearings, if any, are cancelled.

5. Were the debtor to file for bankruptcy relief prior to September 12, 2026, then no automatic stay under 11 U.S.C. § 362 will go into effect with respect to any property owned or occupied by the debtor at that time and the Court will dismiss the petition on the basis that the filing was in violation of this Court's order enjoining the debtor.

6. Were a transferee or assignee of the debtor to file for bankruptcy relief prior to September 12, 2026, then no automatic stay will go into effect with respect to any property transferred or assigned from the Debtor to the transferee or assignee after September 12, 2024.

7. **ALL STATE COURT JUDGES AND CLERKS ARE HEREBY NOTIFIED:**

   **THE FILING OF A BANKRUPTCY PETITION BY THE DEBTOR PRIOR TO SEPTEMBER 12, 2026, SHALL NOT STOP ANY FORECLOSURE SALE OR OTHER COURT PROCEEDING SCHEDULED PRIOR TO THAT DATE WITH RESPECT TO ANY PROPERTY OWNED OR OCCUPIED BY THE DEBTOR AT THAT TIME, AND THE COURT SHALL BE ENTITLED TO DISREGARD ANY NOTICE OF THE BANKRUPTCY FILING.**

   **SIMILARLY, THE FILING OF A BANKRUPTCY PETITION BY A TRANSFEREE OF THE DEBTORS PRIOR TO SEPTEMBER 12, 2026, SHALL NOT STOP ANY FORECLOSURE SALE OR OTHER COURT PROCEEDING SCHEDULED PRIOR TO THAT DATE WITH RESPECT TO PROPERTY THAT WAS TRANSFERRED FROM THE DEBTOR TO THE TRANSFEREE AFTER SEPTEMBER 12, 2024**.

8. Any party may record a certified copy of this Order in compliance with applicable State laws governing notices of interests or liens by appending to the filing a true and correct legal property description.
9. Notwithstanding any other Court orders, the Trustee shall return to Debtor, or if Debtor is represented by an attorney, to Debtor in care of Debtor's attorney, any remaining funds on hand not previously disbursed and shall thereafter file the Trustee's final report. Upon the filing of the final report, the Trustee will be discharged of all duties as Trustee.
10. Debtor, the Trustee, or any party in interest may, within 14 days of the date of this Order, file a motion requesting the Court to examine the fees paid to Debtor's attorney and for the disgorgement of any portion of the fees deemed excessive. The Court shall retain jurisdiction for this purpose.
11. The Debtor may seek relief from this Order if an attorney representing the Debtor files a Motion in this case for authorization to file another bankruptcy case and advises the Court that (a) the attorney will represent the Debtor in a new case; (b) Debtor is prepared to file with her bankruptcy petition all required bankruptcy schedules (including, if applicable) a Chapter 13 Plan, showing sufficient income; (c) Debtor will pay the required filing fee with her petition; and (d) refute bad faith presumption and show confirmation is achievable.
12. This Court retains jurisdiction to enforce the terms and provisions of this Order.

The Clerk is directed to serve a copy of this order on the Debtor, any interested parties that do not receive service via CM/ECF, and

Judge James R Shenko
Lee County Justice Center
1700 Monroe Street
Fort Myers, FL 33901

Kevin C. Karnes
Clerk of Circuit Court & Comptroller
Justice Center, 2nd Floor
2075 Dr. Martin Luther King Jr. Boulevard
Fort Myers, FL 33901