**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

In re: Case No. 2:24-bk-01088-FMD

ALTA GRACIA RAYMOND, Chapter 13

Debtor.
_________________________________________/

**DEBTOR'S LIMITED MOTION FOR AUTHORIZATION TO FILE FUTURE BANKRUPTCY CASE**

The Debtor, Alta Gracia Raymond, by and through undersigned counsel, moves for limited authorization under paragraph 11 of the Court's September 23, 2024 Order Granting United States Trustee Motion to Dismiss with Prejudice (the "Dismissal Order") to file one future bankruptcy case. In support, the Debtor states:

## I. RELIEF REQUESTED

1. The Debtor requests only limited relief from the filing prohibition imposed by the Dismissal Order, sufficient to permit the filing of one future bankruptcy case before September 12, 2026.

2. The Debtor will not file another bankruptcy petition unless and until the Court enters an order granting this Motion.

## II. JURISDICTION AND AUTHORITY

3. This Court has jurisdiction under 28 U.S.C. § 1334.

4. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) because it concerns administration of the bankruptcy case and enforcement or modification of the Dismissal Order.

5. The Court has authority to impose conditions on dismissal and to restrict refiling for cause under 11 U.S.C. § 349(a).

6. The Debtor seeks authorization under paragraph 11 of the Dismissal Order, which permits a future filing upon a showing that counsel will represent the Debtor, the required filing documents and plan will be complete, the filing fee will be paid, bad faith can be rebutted, and confirmation is achievable.

## III. COMPLIANCE WITH THE DISMISSAL ORDER

7. Undersigned counsel agrees to represent the Debtor in a future bankruptcy case, subject to:

   a. entry of an order granting this Motion;

   b. execution of a written engagement agreement;

   c. completion of counsel's final prepetition investigation;

   d. receipt and verification of complete and accurate information; and

   e. counsel's determination that filing is appropriate and consistent with applicable professional obligations.

8. The Debtor is prepared to file a complete petition, schedules, statements, and all other documents required by the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and applicable local rules.

9. The Debtor will disclose all prior bankruptcy cases, dismissals, assets, liabilities, income, expenses, transfers, pending litigation, and other information required by the official bankruptcy forms.

10. If the future case is filed under chapter 13, the Debtor will file a Chapter 13 plan in compliance with applicable law and court requirements.

11. The Debtor will pay the required filing fee with the petition.

12. The Debtor will not file a skeletal, incomplete, or intentionally inaccurate petition.

## IV. CURRENT FINANCIAL REVIEW AND PRE-FILING REQUIREMENTS

13. The Debtor is presently compiling current and complete income, expense, debt, and claim information for counsel's review.

14. Before any future bankruptcy petition is filed, the Debtor will provide counsel with documentation sufficient to verify current income and reasonably necessary monthly expenses, including available pay records, bank records, tax information, and other relevant financial records.

15. Counsel will not file a future bankruptcy petition unless counsel's prepetition review establishes that the Debtor can file complete and accurate schedules and, if proceeding under Chapter 13, can propose a plan supported by verified income and consistent with the requirements for confirmation under 11 U.S.C. § 1325.

16. Any future Chapter 13 plan will identify the proposed plan payment, plan duration, sources of funding, and proposed treatment of creditors based on then-current, verified financial information.

17. The Debtor understands that this requested authorization does not determine feasibility, confirmation, or any substantive issue in a future case. Those matters remain subject to review by the Chapter 13 Trustee, creditors, the United States Trustee, and the Court.

18. The Debtor will pay the required filing fee at the time of filing and will not file a skeletal, incomplete, or intentionally inaccurate petition.

## V. REBUTTAL OF BAD FAITH

19. The Debtor acknowledges the findings and concerns stated in the United States Trustee's motion to dismiss, including the Debtor's prior bankruptcy filings and dismissals.

20. The Debtor submits that the proposed future filing may proceed in good faith because:

a. all prior bankruptcy cases will be disclosed;

b. the Debtor will file complete and accurate schedules and statements;

c. the proposed plan will be based on documented current income and expenses;

d. the Debtor will provide complete financial information to counsel and the Chapter 13 trustee;

e. the Debtor will comply with all filing, disclosure, meeting, trustee, and plan-payment requirements;

f. the Debtor will pay the required filing fee with the petition; and

g. the proposed filing will be made for the legitimate purpose of reorganizing qualifying debts through a feasible Chapter 13 plan.

21. The Debtor understands that failure to provide complete and accurate information or failure to comply with applicable requirements may result in dismissal, denial of discharge, sanctions, or other relief.

22. Counsel will file a future petition only after completing a reasonable inquiry and determining that the filing is not being presented for an improper purpose and that the factual contentions and legal arguments have evidentiary and legal support, as required by Fed. R. Bankr. P. 9011.

## VI. LIMITED NATURE OF COUNSEL'S REPRESENTATION

23. Counsel's representation is limited to evaluating, preparing, and, if appropriate, filing a future bankruptcy case pursuant to a separate written engagement agreement.

24. Counsel does not guarantee:

a. confirmation of a Chapter 13 plan;

b. discharge of any debt;

c. acceptance of any proposed claim treatment;

d. approval of any motion filed in a future case; or

e. that the future case will not be dismissed.

25. The Debtor remains responsible for providing counsel with complete and accurate information and for reviewing all documents before signing or filing them.

26. Nothing in this Motion seeks to waive, limit, or eliminate any duty imposed on counsel by applicable law, court rules, professional-conduct rules, or Fed. R. Bankr. P. 9011. The requested limitation concerns only the scope of the representation and the relief sought by this Motion.

**VII. REQUESTED RELIEF**

WHEREFORE, the Debtor respectfully requests that the Court enter an order:

A. granting this Motion;

B. authorizing the Debtor to file one future bankruptcy case before September 12, 2026;

C. providing that the authorization is limited to the filing of one case;

D. requiring the Debtor to file complete schedules, statements, and, if the future case is filed under chapter 13, a Chapter 13 plan;

E. requiring the Debtor to pay the required filing fee with the petition;

F. providing that the authorization does not constitute a determination concerning confirmation, discharge, claims, liens, valuation, the automatic stay, or any other substantive issue;

G. providing that counsel's undertaking is limited to the scope of representation stated in this Motion and the written engagement agreement; and

H. granting such other relief as the Court deems appropriate.

Dated: August 13, 2026.

Respectfully submitted,

By: /s/ Lillianet Mederos Orama
**Lillianet Mederos Orama Esq.** Florida Bar No. 1049680
Attorney for Debtor
**MS LEGAL TEAM PLLC**
3905 Crescent Park Drive, Suite 112
Riverview, Florida 33578
Telephone: 813-730-8060
Email: LMederos@mslegalteam.com

**CERTIFICATE OF SERVICE**

I certify that on August 13, 2026, I filed the foregoing document through the Court's CM/ECF system. I further certify that service was made through CM/ECF on all parties entitled to electronic notice and by first-class United States mail, postage prepaid, on any party entitled to service who is not registered for electronic notice.

By: /s/ Lillianet Mederos Orama

Lillianet Mederos Orama Esq.